UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
X.M., an Infant, by his Mother and Natural
Guardian, JUDITH DALEY, and JUDITH
DALEY, Individually,

                Plaintiffs,              18-cv-04891 (LMS)

  - against -

UNITED STATES OF AMERICA,

                Defendants.
-----------------------------------------------------------X

## ORDER APPROVING SETTLEMENT ON BEHALF OF A MINOR

On this 6th day of March, 2020, the above referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and Plaintiffs X[redacted] M[redacted], a minor, and JUDITH DALEY, Individually and as Mother and Natural Guardian of infant plaintiff X[redacted] M[redacted]. Infant plaintiff X[redacted] M[redacted] appeared through his counsel of record and his mother, JUDITH DALEY. Plaintiff JUDITH DALEY individually and as Mother and Natural Guardian of X[redacted] M[redacted] appeared in person and through counsel of record.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. §2677 (hereinafter "Stipulation"), attached hereto as EXHIBIT "A". The Court has reviewed the Stipulation, the plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard plaintiffs' arguments in favor of the settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States

and the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. §233(g) and 42 U.S.C. §233(k).

The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the minor plaintiff. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the settlement, as set forth in EXHIBIT "A", is hereby approved. It is further Ordered that JUDITH DALEY, as Mother and Natural Guardian of X█████ M█████, a minor, is authorized and required to sign the Stipulation, and any other documents that are necessary to consummate this settlement, and to provide any information and documentation necessary for the purchase of the annuity contract on behalf of X█████ M█████, a minor.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the settlement amount of FOUR HUNDRED FIFTY THOUSAND and 00/100 ($450,000.00) DOLLARS for a total value, including Medical Indemnity Fund damages, of SEVEN HUNDRED TWENTY TWO THOUSAND EIGHT HUNDRED THIRTY and 50/100 ($722,830.50) DOLLARS, shall be distributed according to the terms and conditions of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the attorneys' fees in this action shall not exceed twenty-five percent (25%) of the settlement value including Medical Indemnity Fund Damages. The Court finds that the costs and expenses associated with the litigation are $14,152.48 and that such costs and expenses are fair, reasonable and necessary. It is hereby further Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation and this Order.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers arising from the subject matter of the action against the United States of America. The Court hereby Orders plaintiffs, by and through their attorneys, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid or Medicare. The Court further Orders that plaintiffs, by and through their attorneys, provide to the United States of America the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the following amounts shall be distributed from the settlement proceeds as follows:

    a.    $14,152.48 to Sanocki Newman & Turret, LLP, as and for reimbursement of disbursements expended;

    b.    $177,169.50 to Sanocki Newman & Turret, LLP as and for its attorneys' fees;

    c.    $11,499.14 to New York State Department of Health, in full satisfaction of the lien asserted on behalf of the New York State Medicaid Program;

    d.    $247,178.88 to purchase future periodic payments as follows:

*For X▇▇▇ M▇▇▇:*

A.    Guaranteed payments continuing for four (4) years only, providing $50,000.00 per year, level income, with first payment commencing on 09/07/2034.

       Guaranteed payments continuing for eight (8) years only, providing $1,352.50 per month, level income, with first payment commencing on 09/07/2038.

Guaranteed Lump Sum Payment of:

$100,000.00 on 09/07/2046

The total cost for this annuity: $247,178.88

Annuity Issuer: Pacific Life & Annuity Company
This annuity will be purchased and owned by the United States of America.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the structured settlement payments listed above are based on current annuity rates. In the event that the total purchase price of the annuity contract has changed by the date of purchase, the annuity payments set forth above shall be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than Two Hundred Forty Seven Thousand One Hundred Seventy Eight dollars and Eighty Eight cents ($247,178.88).

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, the defendant(s) and/or its insurer(s) shall arrange for the purchase of an annuity contract from Pacific Life & Annuity Company, an A.M. Best Company rated A+, Class XV, and licensed to do business in the State of New York.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED, that in the event X███ M███ should die before receiving all future guaranteed periodic payments set forth above, the remaining guaranteed payments shall be made to his Estate, or any such person or persons that he may so designate in writing upon attaining the age of majority.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that plaintiffs and their successors, heirs, executors, administrators, and assigns shall apply for X███ M███'s

enrollment in the Medical Indemnity Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. Plaintiffs and their successors, heirs, executors, administrators, and assigns shall continue to provide the Fund any documentation, information and signatures necessary for X███. M███'s continued enrollment in the Fund.

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Court will not retain jurisdiction over the action against the UNITED STATES OF AMERICA or the settlement, upon the Court's approval of the Stipulation and dismissal of this action with prejudice pursuant to the terms of the Stipulation.

*[signature]*
HON. LISA M. SMITH
UNITED STATES MAGISTRATE JUDGE
Dated this 6th day of March, 2020
White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X.M., An Infant by his Mother and Natural Guardian, JUDITH DALEY, and JUDITH DALEY, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

18 Civ. 4891 (LMS)

## STIPULATION AND PROPOSED ORDER FOR COMPROMISE AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs, X.M., an infant by his mother and natural guardian Judith Daley, and Judith Daley, individually, (hereinafter "Plaintiffs"), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the Parties," by and through their respective attorneys, as follows:

1.  The Parties to this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action (the "Action") under the terms and conditions set forth in this Stipulation.

2.  This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by

the Parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. The total Settlement Value of this action is SEVEN HUNDRED TWENTY TWO THOUSAND EIGHT HUNDRED THIRTY and 50/100 ($722,830.50) DOLLARS (the "Settlement Value") based on a payment by defendant United States in the amount of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS. The sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS (the "Settlement Amount") shall be sent by electronic funds transfer ("EFT") to the Kipnes Crowley Group LLC, Settlement Trust Account (the "Settlement Trust Account").

4. As soon as practicable after counsel of record for the United States receives (i) this Stipulation signed by all Parties to said document and approved by the Court; (ii) an Order approving the settlement on behalf of X.M.; and (iii) the Social Security number or tax identification number of the Plaintiffs and their attorneys as well as wire instructions, counsel for the United States will request that Kipnes Crowley Group LLC distribute the Settlement Amount from the Settlement Trust Account as set forth below:

A. On behalf of Plaintiffs, Kipnes Crowley Group LLC will distribute the Settlement Amount as follows:

i. Kipnes Crowley Group, LLC will issue a check in the amount of One Hundred Ninety One Thousand Three Hundred Twenty One Dollars and Ninety Eight Cents ($191,321.98) (hereinafter "Upfront Cash") made payable to Sanocki Newman & Turret, LLP and Judith Daley, and will deliver said check to Sanocki Newman & Turret, LLP to hold until such time as the court has endorsed and docketed a Stipulation of Dismissal executed by the parties pursuant to Fed. R. civ. P. 41(a) to dismiss this action against the

United States with prejudice, with each party to bear its own costs, expenses, and fees, and the District court not retaining jurisdiction over plaintiffs' claims against the United States for any purpose.

ii. Kipnes Crowley Group, LLC will issue a check in the amount of Eleven Thousand Four Hundred Ninety Nine Dollars and Fourteen Cents ($11,499.14) made payable to New York State Department of Health, in full satisfaction of the lien asserted on behalf of the New York State Medicaid Program, and will deliver said check to New York State Department of Health. P.O. Box 415874, Boston, MA 02241-5874;

iii. Kipnes Crowley Group LLC will pay to an annuity company, rated at least A+ by A.M. Best rating service, the sum of Two Hundred Forty Seven Thousand One Hundred Seventy Eight and Eighty Eight Cents ($247,178.88) to purchase the annuity contract described below.

B. The United States, through Kipnes Crowley Group, will purchase an annuity contract, which shall be subject to the terms and conditions set forth in paragraph 5 below, providing for the following certain payments:

> Guaranteed payments continuing for four (4) years only, providing $50,000.00 per year, level income, with first payment commencing on 09/07/2034.
>
> Guaranteed payments continuing for eight (8) years only, providing $1,352.50 per month, level income, with first payment commencing on 09/07/2038.
>
> Guaranteed Lump Sum Payment of: $100,000.00 on 09/07/2046

The above payments shall be made payable to X.M, and may be mailed or transmitted by electronic funds transfer to an account established on his behalf. In the event the total purchase price of the annuity contract has changed by the date of purchase, the annuity payments set forth in this

subparagraph shall be adjusted either upward or downward so the purchase price of the annuity contract shall be neither more nor less than Two Hundred Forty Seven Thousand One Hundred Seventy Eight Dollars and Eighty Eight Cents ($247,178.88). Upon the death of X.M., any payments remaining shall be paid to the Estate of X.M. or to a person designated by him upon attaining age of majority, provided that any such designation is in a form acceptable to the annuity company and the United States.

5. In consideration for purchasing the annuity contracts described above, the Plaintiffs stipulate and agree to the following terms and conditions:

    a. The parties agree that plaintiffs and their heirs, executors, administrators, or assigns shall notify the annuity company and the United states of the death of X.M., a minor, within five (5) days of the date of death and shall provide to the annuity company and the United States a certified death certificate within ten (10) days of the date of death.

    b. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

    c. The parties stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments, and the obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the

payment is required to be made under the Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the payment

d. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, transferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, transfer or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

6. Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this Action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including private insurance companies, Medicaid, or Medicare. Plaintiffs and their attorney represent that, as of the date they sign this stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action, and have not identified any such liens or claims. In the event any claim for payment or reimbursement is identified in the future, Plaintiffs and their attorney agree that, no later than thirty (30) days from the date the lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant

has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

7. In consideration for the United States agreeing to settle this action on the terms and conditions of this Stipulation, plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby accept the terms and conditions of the Stipulation in full settlement, release and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, interest, costs, and expenses, arising from, or by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants, and employees (including individuals and entities covered by 42 U.S.C. § 233) on account of the same subject matter that gave rise to the above-captioned action.

8. Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby agree to reimburse, indemnify, and hold harmless the United States, and any agency, department, agent, official, and employee of the United States, from any and all such causes of action, claims, rights, or subrogated interests arising directly or indirectly from the subject matter of this Action, and the payment of the Settlement Amount to Plaintiffs, including any claims arising from the assignment of claims and liens upon the settlement proceeds, and further agrees to reimburse or advance, at the option of counsel for the United States, any expense or cost that

may be incurred incident to or resulting from such further litigation or the prosecution of claims by Plaintiffs against any third party.

9. This compromise settlement is specifically subject to each of the following conditions:

a. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void, and the case will be remanded to Court for trial or further proceedings.

b. Plaintiffs will obtain at their expense an order (the "Order") by this Court approving the terms of the settlement on behalf of X.M., an infant. The terms of such Order must be approved by the United States prior to the Order's being submitted to the Court and the Order signed by such Court cannot be changed by the Court or Plaintiffs without the prior written consent of the United States. Plaintiffs agree to obtain such Order in a timely manner. Plaintiffs further agree that the United States may void this settlement at its option in the event such Order is not obtained in a timely manner. In the event Plaintiffs fail to obtain such Order or such Order they obtain fails to comply with the terms and conditions of this paragraph, the entire Stipulation and the compromise and settlement are null and void, and the case will be remanded to Court for trial or further proceedings.

c. The payment of the Settlement Amount is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

10. Subject to the terms and conditions set forth in Paragraph 8 above, Plaintiffs' attorneys agree to distribute the Settlement Amount to Plaintiffs after first paying or resolving any

lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of this Stipulation pursuant to Paragraph 6, above.

11. The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. The Parties agree that any attorney's fees owed by plaintiffs in their FTCA action against the United States shall not exceed 25 percent of the Settlement Value, as defined in Paragraph 3. *See* 28 U.S.C. § 2678. The Parties further agree that any such attorney's fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this settlement, shall be paid out of the Settlement Amount received and not in addition thereto.

13. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

14. The Parties understand and agree that a facsimile or pdf copy of signatures may be presented to the Court with the same force and effect as original signatures.

15. The Parties understand and agree that this Stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

Executed this **5th** day of **March** 2020.

        GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York

BY: _____
        Arastu K. Chaudhury
        Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Telephone: (212) 637-2633
        Facsimile: (212) 637-2750
        E-mail: arastu.chaudhury@usdoj.gov

        *Attorney for the United States*

Executed this \_\_5\_\_ day of \_March\_, 2020.

SANOCKI, NEWMAN, & TURRET, LLP

By: _____
Joshua Fogel, Esq.
225 Broadway, 8th Floor
New York, NY 10007
Telephone: (212) 962-1190
E-mail: jfogel@sntlawfirm.com

*Attorney for the Plaintiffs*

Executed this 13 day of December, 2019.

X.M., A MINOR

By: *Judith Daley*
Judith Daley, as mother and natural guardian
of X.M., a minor

On the 13 day of December in the year 2019, before me, the undersigned, personally appeared JUDITH DALEY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Joshua Fogel
Notary Public, State of New York
No. 02FO6144605
Qualified in New York County
Commission Expires June 15, 2022

Executed this 13 day of December, 2019.

JUDITH DALEY, INDIVIDUALLY

_____
Judith Daley, Individually

On the 13 day of December in the year 2019, before me, the undersigned, personally appeared JUDITH DALEY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Joshua Fogel
Notary Public, State of New York
No. 02FO6144605
Qualified in New York County
Commission Expires June 15, 2022

Page 12 of 13

X.M. et al. v. United States, et al., 18 Civ. 4891 (LMS)
Stipulation for Compromise Settlement and Release

Executed this 24th day of Feb., 2020.

KIPNES CROWLEY GROUP LLC

_____
Todd Kipnes

On the 24th day of February in the year 2020, before me, the undersigned, personally appeared TODD KIPNES, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ALEXIS M. CRUZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CR6248706
Qualified in Westchester County
Commission Expires September 19, 2022